# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

McCue's Trustees v. Harris & als.

March 20th, 1890.

Voluntary conveyances—*Limitations to suits.*—A marriage settlement cannot be avoided on the ground that it is voluntary only, after five years from date of its admission to record, no actual fraud being charged.

Appeal from decree of circuit court of Augusta county rendered June 13, 1888, in the consolidated causes of McCue's Creditors v. McCue's Trustees, and McCue's Trustees v. McCue and others, rehearing, and, to a certain extent, reversing a decree rendered December 5, 1878. Opinion states the case.

*Sheffey & Bumgardner* and *George M. Cochran, Jr.*, for the appellants.

*White & Gordon*, for the appellees.

Lewis, P., delivered the opinion of the court.

This case, briefly stated, is as follows: On the 25th of May, 1867, John Marshall McCue, the owner of a large landed and personal estate, entered into a marriage contract with Miss Martha J. McCue, whom he married two days afterwards, whereby, in consideration of marriage, he settled upon her the whole of his estate, subject, among other things, to those of his debts for which liens had been acquired. The contract also contains the following provision: "In the event that said

Martha J. McCue should die before the said J. M. McCue, it is agreed that he shall have the use for life of the said sum of ten thousand dollars, the amount to accrue to her in case of her survivorship, and at his death the same to go to the children of the marriage or those of said Eliza A. Harris, as provided above in the event of her survivorship."

Subsequently McCue and wife executed a deed of trust to Hugh W. Sheffey and N. K. Trout, conveying two undivided third shares of all the real estate that had been settled upon her, reserving the residue to be held and enjoyed by her under and subject to the provisions of the marriage contract.

In 1870 a suit was brought by certain creditors of J. M. McCue to have the liens on his lands which were paramount to the marriage settlement, ascertained and satisfied; and in the bill the validity of the marriage settlement, so far as Mrs. McCue was concerned, was expressly recognized, and impliedly as to all the other beneficiaries under it. Soon afterwards, Sheffey and Trout, trustees, filed their bill in the same court, praying that the trust under the deed above mentioned be executed under the orders and supervision of the court, but in no way assailing the validity of the marriage settlement. The two causes were consolidated and heard together.

Sales of the real estate were made, and the proceeds brought under the control of the court, and on the 5th day of December, 1878, it appearing that there was a surplus after payment of the debts paramount to, and provided for in, the marriage settlement, amounting to the sum of $1,763 87, it was ordered that it be paid out to creditors whose debts did not constitute liens prior to the settlement. The operation, however, of this decree was subsequently suspended.

In July, 1879, Mrs. McCue died without issue, and afterwards a petition was filed by J. W. Harris and Margaret A. Harris, children of Mrs. Eliza A. Harris, calling the attention of the court to the provision of the marriage settlement above quoted, praying a rehearing of the decree of December 5,

1878, and that the above-mentioned fund be invested, and the annual interest thereon paid to J. M. McCue during his life, and the principal to the petitioners at his death.

Sundry creditors answered this petition, insisting that the limitation in the deed of settlement for the benefit of J. M. McCue himself and the petitioners was, as against creditors of McCue, voluntary and therefore void. But the prayer of the petition was granted by the decree of the 13th of June, 1888, above mentioned; and in this decree there is no error.

The marriage settlement not having been assailed within five years after its recordation, it is clear that the defense set up in the answer of the creditors cannot avail. *Bickle* v. *Chrisman*, 76 Va., 678; Code, sec. 2929.

There is no charge of actual fraud, and as the defense set up by the creditors in their answer is different from the case made by the bills, which were consolidated, that circumstance in itself would be sufficient to sustain the action of the circuit court.

The decree is, therefore, plainly right, and must be affirmed.

Decree affirmed.